## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 23-cv-24699-BLOOM

ALEJANDRO FERRER,

      Plaintiff,

v.

DANIELS DEANDRE, *et al.*,

      Defendants.

_____/

### <u>SCREENING ORDER</u>

**THIS CAUSE** is before the Court on Plaintiff Alejandro Ferrer's *pro se* civil rights Complaint under 42 U.S.C. § 1983, ECF No. [1], and Motion for Leave to Proceed *in forma pauperis*, ECF No. [3]. In the Complaint, Plaintiff raises a construed Fourteenth Amendment failure to protect claim against two correctional officers, the Miami-Dade County Clerk of Courts, and the Miami-Dade Corrections and Rehabilitation Department. *See generally* ECF No. [1].

Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, the Court shall dismiss a suit "at any time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon application of the screening provisions, the Court finds the Complaint must be dismissed under 28 U.S.C. §§ 1915(e)(2)(ii)-(iii).

## I. BACKGROUND

Plaintiff is a pretrial detainee confined at Turner Guilford Knight Correctional Facility ("TGK") in Miami, Florida. *See* ECF No. [1] at 2.[1] He brings this civil rights action against the following four Defendants: (1) Daniels Deandre, Classification Sergeant; (2) Ragin Pye, Corporal and Records Supervisor; (3) Juan Fernandez-Barquin, the Miami-Dade County Clerk of Courts;[2] and (4) the Miami-Dade Corrections and Rehabilitation Department. *See id.* at 2-3. Plaintiff sues Defendants Daniels and Ragin in their individual capacities and Defendants Fernandez-Barquin and the Miami-Dade Corrections and Rehabilitation Department in their official capacities. *See id.*

The allegations substantiating the Complaint's sole claim for relief are as follows. On March 13, 2006, Plaintiff pled guilty to multiple felony counts in state court and was sentenced to ten years in prison, followed by two years of probation. *See id.* at 5. Plaintiff was released on an unspecified date in early 2015, but was subsequently rearrested on August 17, 2019, for violating the terms of his probation. *See id.* After being rearrested, Plaintiff was brought to TGK for pretrial detention. *See id.* Plaintiff alleges that, upon his arrival, TGK staff mistakenly placed him in a cell reserved for maximum security inmates (*i.e.*, inmates sentenced to terms of imprisonment greater than twenty-five years). *See id.* Plaintiff filed an inmate grievance regarding his placement in a

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] Plaintiff names Harvey Ruvin, in his role as the Miami-Dade County Clerk of Courts, as a Defendant in this action. *See* ECF No. [1] at 3. However, Mr. Ruvin died on January 31, 2023, and has since been succeed by Juan Fernandez-Barquin. *See* Daniel Riviero, *Harvey Ruvin, Miami-Dade's longest serving elected official, leaves environmental legacy*, WLRN, (Jan. 6, 2009, 5:16 PM), https://www.wlrn.org/politics/2023-01-06/harvey-ruvin-miami-dades-longest-serving-elected-official-leaves-environmental-legacy; The Florida Bar, *Governor appoints two county clerks and comptrollers*, www.floridabar.org (June 13, 2023), https://www.floridabar.org/the-florida-bar-news/governor-appoints-two-county-clerks-and-comptrollers/ (reporting that "Juan Fernandez-Barquin was tapped by Gov. Ron DeSantis to be the new Miami-Dade County Clerk of the Court and Comptroller and was sworn in June 12[, 2023]"). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Mr. Ruvin with Mr. Fernandez-Barquin as a party to this action. *See id.* ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

maximum-security cell; Defendant Daniels responded to the grievance, stating that prison records indicated that he was a maximum-security inmate and, therefore, properly placed. *See id.* Shortly thereafter, a fellow inmate attacked Plaintiff, leaving him with a fractured eye socket and nose. *See id.* Following the attack, Plaintiff filed a second inmate grievance; this time, another corrections officer—one not party to this action—wrote back, advising Plaintiff to contact the state court and advise it of his misplacement. *See id.* at 6. Plaintiff's family then wrote to the Honorable Ariana Fajardo Orshan of the Eleventh Judicial Circuit Court of Florida; Judge Orshan called Plaintiff, explaining to Plaintiff that there was an error in TGK's classification system and that staff would correct his misplacement. *See id.* TGK staff corrected Plaintiff's misplacement on July 11, 2022. *See id.* at 10. For his injuries, Plaintiff seeks $1,500,000.00 in damages.

## II.  LEGAL STANDARDS

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; citation and quotation marks omitted).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018)

(citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION

The Complaint suffers from two deficiencies that compel its dismissal. First, Defendants Fernandez-Barquin and the Miami-Dade Corrections and Rehabilitation Department are immune from suits for monetary damages. Second, Plaintiff fails to state a claim against Defendants Daniels and Ragin. The Court addresses both deficiencies below.

### A.    Improper Defendants

Plaintiff indicates that he is suing Defendants Fernandez-Barquin and the Miami-Dade Corrections and Rehabilitation Department solely in their official capacities. *See* ECF No. [1] at 3. However, Plaintiff seeks only monetary damages, and official capacity claims yield only injunctive relief. *See Cross v. Ala. Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995)) ("The Eleventh Amendment bars [plaintiff's §] 1983 lawsuit for monetary damages against [defendants] in their official capacities."); *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011) (explaining that "a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment" (citations omitted)). With such being the case, the Complaint must be dismissed in part under 28 U.S.C. § 1915(e)(2)(B)(iii) because Plaintiff seeks monetary damages from Defendants immune from such relief.

### B.    Failure to State a Fourteenth Amendment Failure to Protect Claim

Against the Complaint's remaining Defendants, Daniels and Ragin, Plaintiff fails to state a Fourteenth Amendment failure to protect claim.

Because Plaintiff is a pretrial detainee, the Court analyzes his deliberate indifference claim based on a failure to protect claim under the Fourteenth Amendment. *See* ECF No. [1] at 4; *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013) ("A prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Fourteenth Amendment." (quotation marks omitted)).[3] It is well-established that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988); other citation omitted). "To establish a § 1983 claim for deliberate indifference [based on a failure to protect], [Plaintiff] must show '(1) a substantial risk of serious harm; (2) [Defendants'] deliberate indifference to that risk; and (3) causation.'" *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quoting *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016)).

"The first element of deliberate indifference—whether there was a substantial risk of serious harm—is assessed objectively and requires the plaintiff to show 'conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety.'" *Marbury*, 936 F.3d at 1233 (quoting *Lane*, 835 F.3d at 1307). "Deliberate indifference 'has two components: one subjective and one objective.'" *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020) (quoting *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014)). "[A] plaintiff must show both that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm and that the defendant disregard[ed] that known risk by failing to

---

[3] The deliberate indifference cause of action grew up in Eighth Amendment jurisprudence and applies only to convicted prisoners. *See Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1318 n. 13 (11th Cir. 2005). Where a plaintiff is a pretrial detainee, the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition against cruel and unusual punishment, governs the Court's analysis. *See Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 n. 4 (11th Cir. 1995). Nevertheless, whether a deliberate indifference claim is analyzed under the Eighth or Fourteenth Amendments makes no difference because "the standards under the Fourteenth Amendment are identical to those under the Eighth." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007) (citation omitted).

respond to it in an (objectively) reasonable manner." *Mosley*, 966 F.3d at 1270 (alterations in original; quoting *Bowen v. Warden, Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016)). "Merely negligent failure to protect an inmate from attack does not justify liability under [§] 1983." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citing *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986)). Finally, to satisfy the third element of causation, Plaintiff must show two causal links: (1) a link between Defendants' deliberately indifferent acts and omissions and the excessive risk of violence; and (2) a link between the excessive risk of violence and Plaintiff's injury. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1584 (11th Cir. 1995).

Plaintiff fails to provide sufficient facts to plausibly allege that Defendants Daniels and Ragin had information from which to infer that Plaintiff faced a substantial risk of serious harm and, consequently, Plaintiff fails to allege either deliberate indifference or causation. While "an excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm[,] occasional, isolated attacks by one prisoner on another" typically do not constitute a constitutional violation. *See Lane*, 835 F.3d at 1307 (quotation marks omitted). Instead, it is "confinement in a prison where violence and terror reign [that] is actionable." *Id.* (quotation marks omitted). Here, Plaintiff's attack appears to have been an isolated incident occurring without warning and not due to a persistent and pervasive threat of inmate-on-inmate violence. Due to the incident's sudden and isolated nature, Plaintiff fails to allege that Defendants Daniels and Ragin were deliberately indifferent to the risk of serious harm that Plaintiff purportedly faced because they had no advance notice of it. And, because Plaintiff fails to plausibly allege that Defendants Daniels and Ragin were deliberately indifferent, he has not plausibly alleged a causal link between his injuries and their purported indifference.

Case No. 23-24699-CIV-BLOOM

In sum, the Complaint is subject to dismissal in part under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff failed to plausibly allege a Fourteenth Amendment failure to protect claim against the Complaint's remaining Defendants.

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff Alejandro Ferrer's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), and his Motion for Leave to Proceed *in forma pauperis*, **ECF No. [3]**, is **DENIED AS MOOT**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 22, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**


Copies to:

Alejandro Ferrer, *PRO SE*
190154600
Turner Guilford Knight Correctional Center
7000 NW 41st Street
Miami, Florida 33166